UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, )<br>)<br>Plaintiff, )<br>) 1:06-cv-238 SEB-JMS<br>vs. )<br>)<br>SICOR PHARMACEUTICALS, INC. and )<br>TEVA PHARMACEUTICALS USA, INC., )<br>)<br>Defendants. ) | |

### ORDER ON LILLY'S MOTION TO EXTEND STATUTORY STAYS
(Docket No. 140)

Plaintiff, Eli Lilly and Company ("Lilly), has moved, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii), to extend the thirty-month statutory stays of the Food and Drug Administration approvals of Defendants, Sicor Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc. ("Sicor" and "Teva," respectively) Abbreviated New Drug Application ("ANDA") Nos. 77-961 and 77-983 for Gemcitabine for Injection. The statutory stays are set to expire on July 4, 2008 (ANDA No. 77-961) and July 17, 2008 (ANDA No. 77-983). Trial of this case is currently set for July 13, 2009.

Lilly requests an extension of the thirty-month statutory stays up to and through entry of final judgment, based on what it characterizes as Defendants' failure to "reasonably cooperate in expediting the action," pursuant to 21 U.S.C. S 355(j)(5)(B)(iii), as evidenced by Defendants' "meritless challenge to (the) court's jurisdiction, which delay(ed) the start of discovery and prevent(ed) the completion of the infringement action within the thirty-month statutory stay period . . . ." (Docket No. 140, page 6.) Lilly contends that by filing a groundless motion to dismiss

premised on false factual assertions which Lilly had to refute by engaging in extensive discovery, which process consumed some fourteen months before the Court was able to enter its ruling denying Defendants' Motion to Dismiss, Lilly is entitled to have that time restored and added to the thirty-month statutory time period.

Defendants rejoin that their filing of the Motion to Dismiss for lack of personal jurisdiction was done in good faith and can not fairly be construed as a failure by them to reasonably cooperate in expediting this action thereby warranting a stay or an extension of time, and further that they have fully complied with the terms of the Case Management Plan and have taken no other action for the purpose of delay with regard to either the Motion to Dismiss or the litigation generally. The purpose of the thirty-month statutory time period as enacted by Congress anticipates that reasonable litigation strategies (such as the filing of a Motion of Dismiss for lack of personal jurisdiction) will be played out during the thirty-month period and thus, in those instances when they are pursued, the time involved in doing so does not suffice as a proper legal basis for the granting of a stay or extensions of the thirty-month time period.

Instead, argue Defendants, if Lilly wants relief from the statutory deadlines, it should be required to advance that request via a motion for preliminary injunction and to make a showing of entitlement to relief from the statutory time period in accordance with that well-established merits-based paradigm. Defendants further contend that Lilly will have ample time to bring such a motion since, at Lilly's request, Sicor Pharma has agreed to provide Lilly with sixty days notice, should it decide to go to market with its generic gemcitabine products prior to a judgment in this case. Lilly's motion should therefore be denied, according to Defendants.

Being duly advised, the Court hereby **DENIES** Lilly's Motion to Extend Statutory Stays for the following reasons: Any relief from the statutorily imposed thirty-month stay must be premised upon a clear showing that the party against whom the extension/stay would be entered failed to reasonably cooperate in expediting the action. We find no such convincing evidence here establishing that Defendants' filing of their Motion to Dismiss challenging the Court's personal jurisdiction over them was frivolous or unfounded to a point that it could only fairly and reasonably be viewed as a dilatory, obstructive, uncooperative, delaying tactic warranting an exception to the statutory requirements. There is no legal basis on which the Court should deem Defendants to have waived their right to challenge jurisdiction over them simply by having filed their ANDAs. Further, in addition to there being no convincing evidence indicating an improper motive in filing or litigating this particular Motion to Dismiss, there is no evidence of any other dilatory, obstructive, foot-dragging behavior by Defendants during this thirty-month period in litigating this case warranting a stay. The statutory time limit of thirty-months has to mean something, and in order to construe it properly, the Court must refrain from allowing exceptionsextensions or from disregarding it entirely without a compelling reason to do so. Here, there simply is no such evidence of Defendants failure to reasonably cooperate in expediting this action, which is the only permissible statutory basis for an exemption from the thirty-month time period.

That said, we regard Sicor's acknowledged acceptance of Lilly's request that Sicor provide sixty-days notice to Lilly before Sicor launches its competing generic product to be a reasonable compromise, allowing Lilly to decide if and when it will file a motion for preliminary injunction to seek relief from the thirty-month deadlines. We shall hold Sicor/Teva to their agreement, with this modification: **We hereby amend the parties' agreement and direct that Sicor/Teva provide,**

**instead of the sixty-day notice, a ninety-day notice to Lilly before launching its competing product(s)**, for the reason that, given the amount of time typically required to prepare and file such a motion and then to allow the Court to schedule such a hearing and to issue its ruling, ninety days is a more reasonable time period in which to accomplish these tasks.

  IT IS SO ORDERED.


Date:  06/20/2008

                       *Sarah Evans Barker*
                        SARAH EVANS BARKER, JUDGE
                        United States District Court
                        Southern District of Indiana


Copies to:

Robert D. Bajefsky
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
robert.bajefsky@finnegan.com

L. Scott Burwell
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
scott.burwell@finnegan.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Peter L Giunta
KENYON & KENYON LLP
pgiunta@kenyon.com

Kandi Kilkelly Hidde
BINGHAM MCHALE LLP
khidde@binghammchale.com

Elizabeth J. Holland
KENYON & KENYON LLP
eholland@kenyon.com

Steven J. Lee
KENYON & KENYON
slee@kenyon.com

Charles Edmund Lipsey
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
charles.lipsey@finnegan.com

John D Martin
NELSON MULLINS RILEY & SCARBOROUGH, LLP
john.martin@nelsonmullins.com

Laura P. Masurovsky
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
laura.masurovsky@finnegan.com

Robert Francis McCauley
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
robert.mccauley@finnegan.com

Merri C Moken
KENYON & KENYON
mmoken@kenyon.com

Sheila Mortazavi
KENYON & KENYON LLP
smortazavi@kenyon.com

Aaron Mark Raphael
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
aaron.raphael@finnegan.com

Barbara R. Rudolph
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
barbara.rudolph@finnegan.com

Robert Frederic Shaffer
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
robert.shaffer@finnegan.com

David O. Tittle
BINGHAM MCHALE LLP
dtittle@binghammchale.com